MARK G. HENNESS, ESQ.
Nevada Bar No. 5842
STEPHEN J. MENDENHALL
Nevada Bar No. 15286
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
stephenm@hennessandhaight.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA DAVIDSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PETSMART, INC., a foreign corporation; and DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive,<br><br>Defendants. | Case No.:   2:24-cv-01915-RFB-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER [PROPOSED]** |

Plaintiff, DEBRA DAVIDSON, by and through her counsel of record and Defendant, PETSMART INC., by and through its counsel of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1.

### I.     INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, on December 11, 2024, Stephen J. Mendenhall, Esq. of the law firm of HENNESS & HAIGHT, counsel for Plaintiff, and PAUL SWEN PRIOR, ESQ. of the law firm of SNELL &  WILMER, counsel for Defendant, participated telephonically in a discovery and scheduling conference.

### II.     DISCOVERY PLAN AND SCHEDULE

#### A.     Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

The parties will exchange their Fed. R. Civ. P. 26(a)(1) initial disclosure statements by Thursday, **December 26, 2024,** (as December 25, 2024 is a holiday) or 14 days from the date of their Fed. R. Civ. P. 26(f) conference.

**B.      Subjects on Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B))**

This is an action for damage brought by Plaintiff for unlawful workplace discrimination and harassment based on sex, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and Nevada Revised Statutes §613.330, *et seq.* Plaintiff alleges that as a direct and proximate result of the aforesaid actions of Defendant, and each of them, Plaintiff has suffered significant injuries and incurred substantial out-of-pocket expenses. Defendant denies Plaintiff's claims.

All parties reserve the right to object to any discovery on any grounds permitted by the Federal Rules of Civil Procedure.

The parties do not believe that discovery will need to be conducted in phases or limited to particular issues.

**C.      Disclosure or Discovery of Electronically Stored Information ("ESI") (Fed. R. Civ. P. 26(f)(3)(C)) and LR 26-1(b)(8))**

The parties do not anticipate any disputes about the disclosure, discovery, or preservation of ESI.  The parties have agreed to meet and confer to attempt to resolve any future ESI issues that may arise.

**D.      Claims of Privilege or of Protection (Fed. R. Civ. P. 26(f)(3)(D))**

The parties do not anticipate any disputes about claims of privilege or of protection as trial-preparation materials. However, the parties have agreed to meet and confer to attempt to resolve any privilege or attorney work product issues that may arise.

The parties stipulate that no privilege shall be waived by virtue of the inadvertent disclosure of any document or other information. In the event that a party inadvertently produces or discloses a document or information subject to any privilege, the recipient, upon notice from the producing party of the production and/or disclosure and the assertion of the privilege, shall promptly return or destroy all such information, including all copies thereof and all materials and documents incorporating or referring to such documents and such information or documents may not be utilized by the party in pursuing discovery or at any hearing or trial herein.

///

**E.    Proposed Changes to the Limitations on Discovery imposed under the rules or local rules (Fed. R. Civ. P. 26(f)(3)(E))**

**1.    Written Discovery**

**a.    Response Time**

The parties do not anticipate needing to prospectively stipulate to different response times for written discovery than those outlined in the Federal Rules of Civil Procedure. However, the parties have collectively agreed to communicate and work together in good faith in the event individual extensions are needed.

**2.    Depositions**

**a.    Depositions under Rule 30(b)(6) or other company employees**

The parties anticipate 30(b)(6) deposition discovery relative to the Defendants. The parties further anticipate deposition discovery into employees with knowledge as to the subject incident. Additionally, the parties intend to conduct the depositions of Plaintiff, percipient witnesses, Plaintiff's medical providers and experts.

**b.    Videoconference Depositions**

Any party may attend a deposition via videoconference, provided that the deposition is scheduled to begin and conclude during the normal business hours where the deponent is located. The parties agree to work together to accommodate the travel schedules of any attorney, if needed.

**F.    Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

**1.    Discovery Cut-Off Date (Fed. R. Civ. P. 26(f)(3)(A) and LR-26(b)(1)).**

Pursuant to LR 26-1(b), the discovery deadline is based upon the date Defendant filed its Answer, to wit: November 14, 2024. The parties propose that the deadline for discovery be **May 14, 2025**.

**2.    Amending the Pleadings and Adding Parties (LR 26-1(b)(2)).**

The parties propose that the deadline for filing motions to amend the pleadings or adding parties shall be 90 days before the close of discovery, and therefore, not later than **February 14, 2025**.

*///*

**3.    Expert Disclosures (Fed. R. Civ. P. 26(a)(2) and LR-1(b)(3)).**

The parties propose that the deadline for the disclosure of experts shall be due 90 days before the last day of discovery, and therefore, not later than **February 14, 2025**. The parties propose that the deadline for the disclosure of rebuttal expert shall be due 60 days before the last day of discovery, and therefore, not later than **March 14, 2025**.

**4.    Dispositive Motions/Pre-Hearing Briefs (LR 26-1(b)(4)).**

The parties shall file their respective dispositive motions/pre-hearing briefs 30 days after the discovery cut-off date, and therefore, not later than **June 16, 2025** (as June 14, 2025 is a Saturday).

**5.    Pretrial Order (LR 26-1(b)(5)).**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the dispositive-motion deadline, and therefore, not later than **July 14, 2025**. In further accordance with LR 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order.

**6.    Pretrial Disclosures (Fed. R. Civ. P. 26(a)(3) and LR 26-1(b)(6)).**

The parties have agreed that the disclosures required by Fed. R. Civ. P. 26(a)(3) (pretrial disclosures), and any objection thereto, will be included in the Pretrial Order. No changes are necessary in the form or requirement for pretrial disclosures under Fed. R. Civ. P. 26(a).

**7.    Alternative Dispute Resolution (LR-(b)(7)).**

The parties certify pursuant to LR 26-1(b)(7) that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early-neutral evaluation, and have elected to forego such alternative dispute resolution at this time. The parties anticipate meeting and conferring about engaging in a private mediation at a later date.

**8.    Alternative Forms of Case Disposition (LR 26-1(b)(8)).**

The parties certify pursuant to LR 26-1(b)(8) that they considered and declined consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

///

4

**9.     Electronic Evidence (LR 26-1(b)(9)).**

As required under District of Nevada Local Rule 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. More discovery is still needed at this time. The parties shall meet and confer further on this topic, including in an effort to reach stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

**10.     Extensions or Modifications of the Discovery Plan/Scheduling Order.**

In accordance with LR 26-3, any motion or stipulation for modification or extension of this discovery plan and scheduling order, or other order, must be made no later than 21 days prior to the subject deadlines. A request made within 21 days of the subject deadline must be supported by a showing of good cause.

**11.     Statement Regarding Protected Health Information.**

Medical and billing records provided are "Protected Health Information" (PHI) and must comply with current provisions of C.F.R. Parts 160 and 164, the "HIPAA Privacy Rule" and the "HIPAA Security Rule" and Title XIII of the American Recovery and Reinvestment Act, known as "the HITECH Act."

The term "Protected Health Information" means individually identifiable health information including, without limitation, all information, data, documentation, and materials, including without limitation, demographic, medical and financial information, that relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and that identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

The parties agree in this case that the receiving party agrees to use or disclose any Protected Health Information solely:

(1)     for meeting its obligations as set forth in any agreements between the Parties evidencing their business relationship, or

(2) as required by applicable law, rule or regulation, or as otherwise permitted under the HIPAA Privacy Rule or Security Rule;

The receiving party to whom the information is disclosed agrees that it will be held confidentially and used or further disclosed only as required by law or for the purpose for which it was disclosed to the person or party, and the person or party notified counsel for the disclosing party of any instances of which it is aware in which the confidentiality of the information has been breached.

The parties hereby reserve all potential objections to the witnesses, documents, data compilations and tangible things, whether designated as trial or demonstrative exhibits for purposes of trial. No objection to these productions is waived by any party as part of this Stipulated Discovery Plan and Scheduling Order, regardless of whether an objection is explicitly stated herein.

## 12.    Early Neutral Evaluation

This matter was referred to the Magistrate Judge to conduct an Early Neutral Evaluation ("ENE"), pursuant to LR 16-6, which is currently scheduled for **March 12, 2025** at **10:00 a.m.** See Order Scheduling Early Neutral Evaluation (Doc. 11) on file herein.

///
///
///
///
///
///
///
///
///
///
///
///
///

## III.    FED. R. CIV. P. 26(c) PROTECTIVE ORDER

The parties may submit a proposed protective order regarding disclosure and discovery of confidential information for the Court's review and approval. The parties further agree to meet and confer to attempt to resolve any issues with the protective order that may arise.

DATED this 30th day of December, 2024.

HENNESS & HAIGHT

*/s/ Stephen J. Mendenhall, Esq.*
_____
MARK G. HENNESS, ESQ.
Nevada Bar No. 5842
STEPHEN J. MENDENHALL, ESQ.
Nevada Bar No. 15286
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

SNELL & WILMER L.L.P.

*/s/ Paul Swen Prior, Esq.*
_____
Paul Swen Prior, Esq.
Nevada Bar No. 9324
Xyzlo Lee, Esq.
Nevada Bar No. 16912
1700 S. Pavilion Center Dr., Suite 700
Las Vegas, Nevada 89135
*Attorneys for Defendant*
*PetSmart, Inc.*

**IT IS SO ORDERED.**

**Dated:  1-3-25**

_____
**UNITED STATES MAGISTRATE JUDGE**